IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JUAN SAMANO REYES, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | No. 1:26-CV-2312-DAE |
| | § | |
| MULLIN, *et al*., | § | |
| | § | |
| *Respondents*. | § | |
| | § | |

ORDER

Before the Court is Petitioner Juan Samano Reyes's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. # 1.) Under 28 U.S.C. § 2243, a court:

> entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not exceed twenty days, is allowed." 28 U.S.C. § 2243.

Petitioner has alleged that he is entitled to a writ because he is being wrongfully detained without bond and because he is at risk of being subjected to a removal order that is not final due to his filing of an appeal. (Dkt. # 1 at 6–8, 10–

11.) He argues that this detention and potential removal violate his due process rights under the Fifth Amendment and the Immigration and Nationality Act ("INA") as construed by Zadvydas v. Davis, 533 U.S. 678 (2001). (Id. at 4, 10.) He states that at his July 20, 2026, master calendar hearing, he was ordered removed to Mexico and his EOIR-42B was deemed waived when he failed to file it. (Id. at 7.) He argues that he was not represented by counsel at that hearing, that he requested Form EOIR-42B at the detention facility, which was not provided to him, and that he did reserve his right to appeal. (Id.) Once he obtained representation, a Notice of Appeal and Statement of Reasons for Appeal was mailed on August 1, 2026, and carrier records indicate it was delivered on August 6, 2026. (Id. at 8.) However, he asserts that EOIR's electronic case-status system does not reflect the filing of this appeal, which places him at risk of removal based on a removal order that is not final due to his appeal. (Id.)

Pursuant to § 2243, the Court will order Respondents Markwayne Mullin, Secretary of the United States Department of Homeland Security ("DHS"); Todd Blanche, U.S. Attorney General; Executive Office for Immigration Review; U.S. Immigration and Customs Enforcement ("ICE"); Warden T. Don Hutto Residential Center (collectively, "Respondents") to show cause within the next

three days as to why Petitioner's writ should not be granted in accordance with § 2243.[1]

**IT IS ORDERED** that the referral of this case to the United States Magistrate Judge Mark Lane, (Dkt. # 2), is **VACATED** and that this matter be returned to the docket of the District Court Judge David Alan Ezra.

**IT IS FURTHER ORDERED** that notice of electronic filing of the Petition (Dkt. # 1) and this Order to the United States Attorney in San Antonio,

---

[1] The Court is aware of the Fifth Circuit's July 21, 2026 Order granting the government's request to "issue a precedential order staying the district courts' judgments pending en banc review" of the panel's now-vacated opinion holding that certain applicants for admission can only be mandatorily detained for 90 days under 8 U.S.C. § 1225(b)(2)(A) without a bond hearing. Sosnava Rodriguez v. Ortega, No. 26-50183, Dkt. No. 178-1 at 13 (5th Cir. July 10, 2026); see Sosnava Rodriguez v. Ortega, --- F.4th ---, 2026 WL 2104747 (5th Cir. July 21, 2026) (en banc). In issuing its ruling in this case, the Court has no intention of ignoring or in any way circumventing the Fifth Circuit's Order. However, after careful consideration, the Court finds persuasive the reasoning of sister courts in this District that the interim stay order does not prohibit its continued resolution of pending immigration habeas petitions on due process grounds. See Tiquiram, v. Warden, Dilley Immigr. Processing Ctr., et al., No. SA-26-CV-04473-OLG, 2026 WL 2242499, at *1 n.1 (W.D. Tex. July 31, 2026) (collecting cases); Guerra Estrada v. De Anda Ybarra, No. EP-26-CV-1897-KC, 2026 WL 2168090, at *2 (W.D. Tex. July 28, 2026) (same). **Respondents are therefore directed to respond to the merits of the Petition, notwithstanding their position as to the application of the Fifth Circuit's stay**.

Texas shall constitute service on the Federal Respondents, as required by the Rules Governing § 2254 Cases[2] and Federal Rule of Civil Procedure 5.[3]

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve Respondent, Warden of the T. Don Hutto Detention Center, with copies of the Petition for Writ of Habeas Corpus (Dkt. # 1) and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process.

**IT IS FURTHER ORDERED** that Respondents show cause in writing **on or before September 2, 2026**,[4] as to why the Court should not grant Petitioner's Petition for Writ of Habeas Corpus. 28 U.S.C. § 2243. **The response must identify**: (1) Petitioner's alleged country of birth; (2) Petitioner's alleged date of entry and statutory basis for removability; (3) any previous immigration

[2] The Rules Governing § 2254 Cases may be applied to § 2241 cases. See Olya v. Garite, No. EP-25-CV-00083-DCG, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025) ("The Rules Governing § 2254 Cases ('Habeas Rules'), which a court may apply to § 2241 cases, authorize courts to apply the Federal Rules of Civil Procedure ('FRCP') to the extent they do not conflict with the Habeas Rules.").

[3] Rule 5(b)(2)(E) permits service by "sending [a paper] to a registered user by filing it with the court's electronic-filing system." The United States Attorney in San Antonio is a registered user of the Court's electronic filing system. While the Western District of Texas Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Section 5, typically bars notice of electronic filing from constituting service of writs, given the high volume of habeas cases challenging immigration detention, the Court will permit such notice of electronic filing to suffice as proper service in this case.

[4] Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), the response deadline will be Monday, July 27, 2026, which is the first weekday that is not a legal holiday following the third day from the date of this Order.

detention history, e.g., whether Petitioner has previously been subject to immigration detention and, if so, the approximate date of Petitioner's previous release into the interior; (4) Petitioner's alleged immigration status, e.g., whether Petitioner has a pending claim for asylum, withholding of removal, or protection under the Convention Against Torture or is subject to a final removal order; and (5) Respondents' asserted detention authority.

At this time, the Court will not plan to set a hearing on this matter, but, **on or before September 2, 2026,** either party may request a hearing to be scheduled after briefing is complete. Failure to request a hearing will constitute waiver of the opportunity for a hearing under § 2243. The Court is amenable to ruling on the papers if the parties waive a hearing.

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, August 27, 2026.

David Alan Ezra
Senior United States District Judge